# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

```
MB GLOBAL PRODUCTS, LLC,

     Plaintiff,

     v.                                    2:25-CV-072

ST. PAUL MERCURY INSURANCE
COMPANY and THE TRAVELERS
INDEMNITY COMPANY,

     Defendants.
```

**ORDER**

Before the Court is a motion to change venue filed by Defendants St. Paul Mercury Insurance Company ("St. Paul") and The Travelers Indemnity Company ("Travelers"). Dkt. No. 20. Plaintiff MB Global Products, LLC has responded in opposition, dkt. no. 21, and the motion is ripe for review.

**BACKGROUND**

This insurance coverage dispute arises from property damage suffered in a storm that swept through Dalton, Georgia, on May 9, 2024. Dkt. No. 1 ¶¶ 10-11. Plaintiff alleges that on that date, it had an active commercial general liability policy (the "Policy") with St. Paul which insured Plaintiff's property and building located at 112 McFalls Street in Dalton. Id. ¶¶ 3, 10. Travelers served as the administrator for the Policy. Id. ¶ 5.

Plaintiff alleges that on May 9, 2024, "a storm occurred which caused wind driven rain to damage the overhead doors to [Plaintiff's] Warehouse and allowed rain to enter inside of the Warehouse causing damage to [Plaintiff's] building and inventory." Id. ¶ 11. Plaintiff alleges it promptly notified Defendants of the occurrence and provided all the requested documentation. Id. ¶ 12. St. Paul ultimately denied Plaintiff's insurance claim, citing the Policy's flood exclusion. Id. ¶ 18.

Plaintiff filed suit in this Court, located in the Southern District of Georgia, Brunswick Division, on May 1, 2025. See id. It brings against Defendants claims of breach of contract, promissory estoppel, negligent claims handling and bad faith refusal to pay. Id. at 4-6.

In the complaint, Plaintiff bases federal subject matter jurisdiction on diversity of citizenship. Id. ¶ 6 (citing 28 U.S.C. § 1332). Indeed, the Parties agree that Plaintiff is a citizen of Georgia, and Defendants are both citizens of Connecticut. See id.; Dkt. No. 20 at 4. Plaintiff also avers in the complaint that venue is proper in this Court because "Defendants maintain offices and/or have agents within the Brunswick Division of the United States District Court for the Southern District of Georgia." Id. ¶ 11 (citing 28 U.S.C. § 1391).

Defendants now move to transfer venue of this action from the Southern District of Georgia, Brunswick Division, to the Northern

2

District of Georgia, Rome Division. Dkt. No. 20 at 1. Plaintiff opposes the motion. Dkt. No. 21.

## LEGAL AUTHORITY

For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought. See 28 U.S.C. § 1404(a). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988).

When considering a motion to transfer venue, the following factors are to be considered:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded to a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

Kelling v. Hartford Life & Accident Ins. Co., 961 F. Supp. 2d 1216, 1218 (M.D. Fla. 2013) (quoting Manuel v. Convergys Corp., 430 F.3d 1132, 1135 n.1 (11th Cir. 2005)). "The plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253,

260 (11th Cir. 1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981)).

Finally, it is the movant's burden to establish that a case should be transferred to the suggested forum in the interests of convenience and justice. See In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989) ("[T]he burden is on the movant to establish that the suggested forum is more convenient.")

**DISCUSSION**

Defendants St. Paul and Travelers move pursuant to 28 U.S.C. § 1404(a) to transfer this case from the United States District Court for the Southern District of Georgia, Brunswick Division, to the United States District Court for the Northern District of Georgia, Rome Division. Dkt. No. 20 at 1. Plaintiff concedes that the convenience of witnesses and the locus of operative facts weigh in favor of transfer; yet, Plaintiff argues Defendants have not met their burden to show transfer is warranted, "particularly when balanced against the Plaintiff's legitimate choice of forum, the interests of justice, judicial economy, and the absence of compelling inconvenience to Defendants." Dkt. No. 21 at 1-2.

**I.   The Transferee Forum**

Before analyzing the convenience factors of § 1404(a), the Court must first determine whether Plaintiff could have brought this action in the Northern District of Georgia, Rome Division. "An action 'might have been brought' in a proposed transferee court

4

if: (1) the court had jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court." Windmere Corp. v. Remington Prods., Inc., 617 F. Supp. 8, 10 (S.D. Fla. May 31, 1985) (citing 15 C. Wright, A Miller & E. Cooper, Fed. Prac. & Proc. § 3845 (1976)). First, the Northern District of Georgia, just like this Court, has subject matter jurisdiction over this case because the requirements of diversity jurisdiction are met. Second, venue is proper in the Northern District of Georgia, because "a substantial part of the events or omissions giving rise to the claim occurred" there, in Dalton, Georgia. 28 U.S.C. § 1391(b)(2); Dkt. No. 1 ¶ 10. Finally, Defendants are amenable to service of process in the Northern District of Georgia because Defendants' registered agents are located there, and Defendants conduct business and have representatives there. Dkt. No. 20 at 8. Notably, the Parties do not dispute that this action could have been brought in the Northern District of Georgia's Rome Division. See Dkt. No. 20; Dkt. No. 21 at 5. The Court easily concludes this action could have been brought in the Northern District of Georgia, Rome Division, and will now evaluate the applicable § 1404(a) factors to determine whether transfer of venue is appropriate.

5

## II. Convenience Factors

### A. Locus of Operative Facts

"In determining the locus of operative facts, the court must look at 'the site of events from which the claim arises.'" Gubarev v. Buzzfeed, Inc., 253 F. Supp. 3d 1149 (S.D. Fla. 2017) (quoting Nat'l Trust Ins. Co. v. Pa. Nat'l Mut. Cas. Ins. Co., 223 F. Supp. 3d 1236, 1245 (M.D. Fla. 2016)). Here, the storm and subsequent property damage occurred in Dalton, Georgia, which plainly lies in the Northern District of Georgia. This factor weighs in favor of denying transfer. Indeed, Plaintiff concedes the same. Dkt. No. 21 at 10.

### B. Plaintiff's Choice of Forum

Defendant argues that Plaintiff is not entitled to deference on his choice of forum because "[t]he only connection Plaintiff has to this forum regarding this lawsuit is that it chose to retain counsel of record that is located in Savannah, Georgia." Dkt. No. 20 at 11. Plaintiff expressly "concedes that there is no connection between the events that form the basis of the claim and the choice of forum" and further "concedes that it is entitled to minimal deference in its choice of forum on this factor alone." Dkt. No. 21 at 7. This factor is therefore neutral.

### C. Convenience of the Parties

Defendants argue the convenience-of-the-parties factor weighs in favor of transfer. Dkt. No. 20 at 14. Defendants note that

6

Plaintiff's principal place of business is in the Northern District of Georgia. Id. Defendants also state that their own registered agent is located in the Northern District, the Georgia Claim Center is located in the Northern District, and the primary representatives of St. Paul who were involved in the investigation and adjustment of the insurance claim at issue are located in the Northern District. Id.

Plaintiff argues that courts place little weight on the domicile of corporate defendants and their place of incorporation. Dkt. No. 21 at 9. Plaintiff points out that, for venue purposes, corporations are deemed to reside in every judicial district in Georgia by virtue of their registration to do business in this state. Id. While these things are true, to accord "little" weight to domicile and place of incorporation does not mean to accord "no" weight, and this factor weighs ever so slightly in favor of transfer.

### D. Convenience of the Witnesses

For purposes of the convenience-of-witnesses factor, "the focus of the Court's inquiry should be on 'key witnesses,' i.e., those whose knowledge and anticipated testimony is relevant not only to damages, but also to liability." Sarvint Techs., Inc. v. Omsignal, Inc., 161 F. Supp. 3d 1250, 1266 (N.D. Ga. 2015) (citing Ramsey v. Fox News Network, LLC, 323 F. Supp. 2d 1352, 1357 (N.D. Ga. 2004); McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1311 (M.D.

7

Ga. 2003)). "Specifically, the court must determine whether the witnesses have actual knowledge about the issues in the case, where they are located, and whether it will be more convenient for them if the action is in [Brunswick] or [Rome]." Id. at 1267 n.9 (citing Cellularvision Tech. & Telecomm., L.P. v. Alltel Corp., 508 F. Supp. 2d 1186, 1190 (S.D. Fla. 2007)).

Further, "[t]he true concern is not merely 'convenience' of the witnesses, but the likelihood that key witnesses will be able to testify at trial." Id. at 1267 (citing Mason v. Smithkline Beecham Clinical Labs., 146 F. Supp. 2d 1355, 1361-62 (S.D. Fla. 2001)). "Courts accordingly give less weight to inconvenience to witnesses who are employed by a party, because the party can ensure their presence at trial." Id. (citing Mason, 146 F. Supp. 2d at 1361).

Defendants argue that the convenience-of-the-witnesses factor weighs in favor of transfer because the key witnesses in this case are all located in the Northern District. Dkt. No. 20 at 15. Defendants state that David Markey and Eileen Jarrett, representatives of Plaintiff's insurance agent, Markey Insurance Group, likely reside in the Northern District of Georgia because that is where Markey Insurance Group is located. Dkt. No. 20 at 3. Further, Plaintiff obtained the services of six different vendors to conduct inspections of the Property, provide damage and repair estimates regarding the loss, provide reports regarding the

8

loss, and/or complete remediation, mitigation, and/or repair work in connection with the loss. Id. at 3-4. All six of these vendors work for entities located within the Northern District of Georgia. Id. at 4. Finally, in connection with its investigation of the claim, St. Paul retained the services of a professional engineer, Armando Flores of EFI Global, Inc., which is located within the Northern District.

Plaintiff's only rebuttal is that all non-party witnesses can have their depositions taken virtually, that such deposition testimony can be used at trial, and that such virtual testimony is "just as effective as live trial testimony." Dkt. No. 21 at 8. The Court is not persuaded by Plaintiff's argument. While technological advances have made depositions easier to obtain, in some respects, the Court is not prepared to treat the convenience-of-the-witnesses factor as a nullity. Importantly, Plaintiff does not dispute that Defendants' proffered witnesses are "key" witnesses. Therefore, one thing the Court must take into consideration is "the likelihood that [these] key witnesses will be able to testify at trial." Sarvint Techs., 161 F. Supp. 3d at 1267. The Court easily concludes that because at least some key witnesses are located in the Northern District, and none are located within this District, this factor weighs in favor of transfer.

9

### E. Availability of Process to Compel Attendance of Witnesses

Defendants argue that the Court's ability to use compulsory process to obtain live testimony of key witnesses at trial, among other things, strongly favors transfer. Dkt. No. 20 at 16. Defendants note that all key witnesses in this case lie beyond this Court's subpoena power. Id. Because the Northern District has subpoena power over at least some of these key witnesses, this factor would appear to favor transfer. Plaintiff responds, however, that Defendants have failed to show that any key witness would be unwilling to appear absent court compulsion. Dkt. No. 21 at 10 (citing Peavy v. Axelrod, No. 15-0069, 2017 WL 3444747, at *17 (S.D. Ala. June 27, 2017) ("[T]his factor weighs in favor of maintaining venue when there is no showing that witnesses would be unwilling to appear absent court compulsion.")). As such, this factor is neutral to transfer.

### F. Location of Documents and Sources of Proof

Defendants argue the Northern District of Georgia provides the easiest access to sources of proof in this action. Dkt. No. 20 at 13. Defendants state, "[a]s the occurrences that give rise to the allegations at issue took place in the Northern District, there is no reason to believe that any relevant documents and materials are in the Southern District." Id. Plaintiff argues that, given advances in technology, this factor is not as significant as it once was. Dkt. No. 21 at 8. For example, the

10

physical location of documents is irrelevant because all discovery and correspondence has been conducted virtually. Id. at 9. Though there is some truth to Plaintiff's argument, he neglects to consider that the dispute in this case is physical damage to property, which could very well result in the need to assess and/or transport *physical* evidence. This factor weighs in favor of transfer.

### G. Relative Means of the Parties

Defendants do not address this factor when arguing in favor of transferring venue. They, therefore, have failed to meet their burden with regard to this factor. This factor therefore weighs in favor of denying transfer.

### H. Forum's Familiarity with the Governing Law

This Court and the Northern District of Georgia court are equally familiar with the law governing the claims in this case. This factor is neutral to transfer.

### I. Trial Efficiency and the Interests of Justice

Finally, Defendants argue "it would be less costly, time consuming, and complicated were this case to be litigated and tried in" the Northern District. Dkt. No. 20 at 17. While Defendants' argument is rather vague, the Court notes that one of the factors to be considered when determining trial efficiency and the interests of justice is "the inherent interest . . . 'in having localized controversies decided at home.'" Pergo, Inc. v. Shaw

11

Indus., Inc., No. 1:03-cv-1709, 2003 WL 24129779, at *3 (N.D. Ga. Sept. 16, 2003) (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 509 (1947))). Because the storm and subsequent property damage at issue occurred within the Northern District of Georgia, this case is "at home" there, and this factor weighs in favor of transfer.

## CONCLUSION

The convenience factors contained in 28 U.S.C. § 1404(a) combine to weigh in favor of this case being transferred to the Northern District of Georgia's Rome Division. Defendants' motion to transfer venue, dkt. no. 20, is therefore **GRANTED**. The Clerk is **DIRECTED** to transfer this case to the Northern District of Georgia, Rome Division.

**SO ORDERED**, this 10 day of October, 2025.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA